## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY )<br>OF AMERICA, )<br>    **Plaintiff,** )<br> )<br>  **v.** )<br> )<br>**pru.com,** *a domain name*, **and** )<br>**FRANK ZHANG,** )<br>    **Defendants.** ) | **Civil Action No. 1:20-cv-450** |

## MEMORADUM OPINION

This anti-cybersquatting and trademark infringement action is before the Court on defendant Frank Zhang's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) and/or Rule 12(b)(2) or to transfer the case to the District of Arizona pursuant to 28 U.S.C. § 1404(a). Zhang has filed his motion individually and on behalf of the subject *res*, <pru.com>, a domain name (the "Domain Name"). Plaintiff, The Prudential Company of America, opposes defendant's motion, arguing that plaintiff properly brought this *in rem* action against the Domain Name in the Eastern District of Virginia.

For the reasons that follow, defendant Zhang's motion to dismiss is granted in part and denied in part. Zhang's motion to dismiss is granted insofar as all claims against defendant Zhang in plaintiff's complaint are dismissed for lack of personal jurisdiction. Zhang's motion to dismiss is denied insofar as Zhang seeks dismissal of plaintiff's *in rem* anti-cybersquatting claim against the Domain Name. Plaintiff has adequately plead an *in rem* anti-cybersquatting claim against the Domain Name, and there is *in rem* jurisdiction to proceed against the Domain Name in the Eastern District of Virginia pursuant to 15 U.S.C. § 1125(d)(2).

1

**I.**

It is first necessary to set forth the pertinent factual and procedural history of this case. On April 22, 2020, plaintiff filed the instant complaint against Frank Zhang, a Chinese resident, and the Domain Name alleging two claims: (i) cybersquatting, in violation of the Anti-cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d) ("Count I"), and (ii) trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 ("Count II"). *See* Complaint, Dkt. 1, at ¶¶ 22-31, 32-36. The complaint alleges that the Domain Name is identical to plaintiff's PRU trademark and confusingly similar to plaintiff's PRU-formative trademarks. *See id.* at ¶ 11. The complaint further alleges that there is *in rem* jurisdiction over the Domain Name in the Eastern District of Virginia pursuant to 15 U.S.C. § 1125(d)(2)(A) because VeriSign, the domain name registry, is located in Virginia and plaintiff may be unable to obtain *in personam* jurisdiction over defendant Zhang. *See id.* at ¶ 7.

Prior to filing this lawsuit in the Eastern District of Virginia, plaintiff learned that the Domain Name was offered for sale on an Internet website and that the identity of the Domain Name registrant was hidden by the registrar's privacy service. *See id.* at ¶ 18; Declaration of Charles G. Giger ("CGG Decl."), Dkt. 19-1., ¶ 7.[1] Plaintiff hired a private investigator to attempt to buy the Domain Name via the registrar's Domain Broker Service, but the GoDaddy[2] broker

---

[1] Specifically, on March 23, 2020, the GoDaddy WhoIs record contained the following registrant information:

> Name: Registration Private
> Organization: Domains By Proxy, LLC
> Address: 14455 N. Hayden Road, Scottsdale, Arizona, US
> Phone: +1.4806242599
> Fax: +1.4806242598
> Email: pru.com@domainsbyproxy.com

*See* CGG Decl., Ex. A, Dkt. 19-1.

[2] GoDaddy Inc., which is headquartered in Arizona, is the registrar for the Domain Name.

reported to plaintiff's private investigator on March 18, 2020 that the registrant of the Domain Name wanted an offer in "the 'six figure' range" and wanted to know the identity of the buyer. *See id.* at ¶ 8. After this communication, plaintiff did not continue negotiations to purchase the Domain Name through GoDaddy's broker.

Thereafter, on March 25, 2020, plaintiff filed a Uniform Domain Name Dispute Resolution Policy ("UDRP") complaint with the World Intellectual Property Organization ("WIPO") against the unknown registrant of the Domain Name. *See* Compl. at ¶ 16. In its UDRP complaint, plaintiff, as required by UDRP rules, submitted to the jurisdiction of the courts at the location of the principal office of the concerned registrar, here Arizona, "with respect to any challenges that may be made by the Respondent to a decision by the Administrative Panel to transfer or cancel the domain name that is the subject of this Complaint." CGG Decl., at ¶ 10. On March 27, 2020, WIPO sent plaintiff an email that provided the Domain Name registrant information that WIPO received from the registrar, namely:

> Registrant Name: Frank Zhang
> Registrant Organization: Bailun
> Registrant Street: meixihu
> Registrant City: changsha
> Registrant State/Province: Hunan
> Registrant Postal Code: 410000
> Registrant Country: CN
> Registrant Phone: +86.83232311
> Registrant Email: zhang@bailun.com

*See* Email from WIPO to Prudential (March 27, 2020), Ex. F, Dkt. 19-1. On April 1, 2020, plaintiff amended its UDRP complaint to reflect the registrar-disclosed registrant information. *See* Email from WIPO to Prudential (April 1, 2020), Ex. G, Dkt. 19-1.

On April 21, 2020, Zhang, individually, submitted his response to the UDRP complaint. According to Zhang's sworn declaration, which was submitted as an exhibit to his motion to

dismiss at issue here, Zhang's response to the UDRP complaint asserted that he, either via proxy for his employer, Shenzhen Stone Network Information Ltd. ("Shenzhen Stone"), or otherwise, did not acquire the Domain Name in bad faith. *See* Declaration of Zhaoyuan "Frank" Zhang ("Zhang Decl."), Dkt. 17-2, ¶ 25.

As noted, on April 22, 2020, plaintiff filed its complaint in this federal lawsuit in the Eastern District of Virginia. On April 24, 2020, plaintiff submitted a notice to WIPO of this federal lawsuit and requested several forms of relief, including that the WIPO administrative proceedings be terminated. *See* CGG Decl., ¶ 13. According to Zhang's sworn declaration, Zhang filed an opposition to plaintiff's request to terminate the UDRP proceeding on April 28, 2020. *See* Zhang Decl., ¶ 28. On May 7, 2020, the WIPO proceedings were terminated. *See* Case Details for WIPO Case D2020-0714, Ex. H, Dkt. 19-1.

On May 29, 2020, defendant Zhang filed the instant motion to dismiss or alternatively to transfer this lawsuit from the Eastern District of Virginia to the District of Arizona. In a sworn declaration, Zhang avers that he "was entrusted by Shenzhen Stone to register and manage" the Domain Name. *See* Zhang Decl., Dkt. 17-2, ¶¶ 2, 8. Zhang further avers that he is a senior executive of Shenzhen Stone, a Chinese company. *See id.* at ¶¶ 2, 4. Zhang expressly consents to the jurisdiction of Arizona for "the purpose of challenging the proposed transfer of the…Domain Name away from Shenzhen Stone to any third party." *See id.* at ¶ 29. But Zhang refuses to consent to jurisdiction in Virginia. *See id.* at ¶ 31.

Zhang's motion to dismiss argues that the complaint should be dismissed in its entirety because Zhang is not subject to personal jurisdiction in Virginia, and Zhang has consented to personal jurisdiction in Arizona. Because *in rem* jurisdiction pursuant to 15 U.S.C. § 1125(d) is only appropriate where *in personam* jurisdiction is unavailable over a person who registers, traffics

in, or uses the Domain Name, and because Zhang explicitly consented to personal jurisdiction in the District of Arizona on May 29, 2020, Zhang contends that the *in rem* action against the Domain Name is improper and must be dismissed. In response, plaintiff argues that *in rem* jurisdiction is proper here because (i) Zhang's consent to personal jurisdiction in Arizona is untimely and (ii) even assuming Zhang's consent to jurisdiction in Arizona were timely, Zhang is not a suitable defendant[3] pursuant to 15 U.S.C. § 1125(d)(1)(A).

For the reasons that follow, there is *in rem* jurisdiction for plaintiff to proceed with its ACPA claim against the Domain Name in the Eastern District of Virginia pursuant to 15 U.S.C. Section 1125(d)(2).

## II.

The ACPA creates two avenues by which claimants may seek a remedy for "cyberpiracy." The first, found in Section 1 of the ACPA, is a remedy for owners of a mark *in personam* against a person who with "a bad faith intent to profit from that mark[,]...registers, traffics in, or uses a domain name" that:

> (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
>
> (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or
>
> (III) is a trademark, work, or name protected by reason of section 706 of Title 18 or section 220506 of Title 36.

15 U.S.C. § 1125(d)(1)(A).

---

[3] For purposes of brevity, the term "suitable defendant" herein refers to 15 U.S.C. § 1125(d)(2)(A)'s requirement that suit be brought against "a person who would have been a defendant in a civil action under [§ 1125(d)(1)(A)]"— *i.e.*, a person who "registers, traffics in, or uses a domain name" in a way that violates the ACPA. 15 U.S.C. Section 1125(d).

A mark owner's second avenue of relief is appropriately found in Section 2 of the ACPA, which provides that, where a domain name infringes a federally registered trademark or violates any right of the mark's owner under the Lanham Act, "[t]he owner…may file an *in rem* civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located." 15 U.S.C. § 1125(d)(2)(A). But importantly, a mark owner may file an *in rem* cause of action only where the court finds that the owner of the mark either (i) "is not able to obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under [Section 1]" ("Option I") or (ii) "through due diligence was not able to find a person who would have been a defendant in a civil action under [Section 1]" ("Option II"). 15 U.S.C. § 1125(d)(2)(A)(ii).[4]

These provisions, given their plain meaning,[5] compel the conclusion that the ACPA provides mark owners with two mutually exclusive avenues for relief against putative infringers. *See Alitalia-Linee Aeree Italiane S.p.A. v. Casinoalitalia.Com*, 128 F. Supp. 2d 340, 344 (E.D. Va. 2001). A mark owner may proceed either *in personam* against an infringer or, in certain circumstances where this cannot be done, the owner may proceed *in rem* against the domain name; a mark owner may not proceed against both at the same time. In this respect, the Fourth Circuit has stated "that the structure of the ACPA undoubtedly expresses Congress's preference for *in personam* suits: the holder of a trademark must convince the court that *in personam* jurisdiction

---

[4] Significantly, the relief afforded in an ACPA *in rem* action is limited to "a court order for the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of a mark." 15 U.S.C. Section 1125(d)(2)(D)(i). In contrast, a plaintiff proceeding under Section 1 via an *in personam* action has available a full panoply of legal and equitable remedies. *See* 15 U.S.C. § 1117(a) & (d); 15 U.S.C. § 1125(d)(1)(C).

[5] It is well-settled that, here, as "in any case of statutory interpretation,…[the] analysis begins with 'the language of the statute. And where the statutory language provides a clear answer, it ends there as well.'" *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) (quoting *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992) (citations omitted)).

6

over a person is unavailable before an ACPA *in rem* action may proceed." *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255 (4th Cir. 2002). Put simply, the ACPA provides for *in rem* jurisdiction against a domain name only in those circumstances where *in personam* jurisdiction is not available.

**III.**

There are two issues that are determinative of whether *in rem* jurisdiction over the Domain Name is proper in this case: (i) when *in personam* jurisdiction over a suitable defendant must exist to preclude proceeding *in rem* against a domain name under Option 1; and (ii) whether Zhang is a suitable defendant under Section 1 of the ACPA. For the reasons that follow, *in personam* jurisdiction over a suitable defendant must exist at the time an ACPA complaint is filed where, as here, a plaintiff has exercised due diligence and determined that any suitable defendant under Section 1 of the ACPA is a foreign defendant not subject to personal jurisdiction in the United States. Moreover, on this record, Zhang is not a suitable defendant under Section 1 of the ACPA, and therefore proceeding *in rem* against the Domain Name is proper pursuant to 15 U.S.C. Section 1125(d)(2).

Accordingly, plaintiff can proceed *in rem* with its ACPA claim against the Domain Name in the Eastern District of Virginia because (i) Prudential owns the PRU trademark; (ii) VeriSign, the Domain Name registry, is located in the Eastern District of Virginia; and (iii) plaintiff is not able to obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under Section 1 of the ACPA.

**A.**

First, Zhang argues that because he consented to personal jurisdiction in Arizona in his sworn declaration on May 29, 2020, plaintiff cannot bring its ACPA claim *in rem* against the

7

Domain Name in the Eastern District of Virginia. Zhang contends that plaintiff must instead proceed *in personam* against him in the District of Arizona. Zhang's argument plainly fails. When plaintiff filed the instant lawsuit on April 22, 2020, Zhang was not subject to personal jurisdiction in the District of Arizona or any other district in the United States. Accordingly, plaintiff's *in rem* action against the Domain Name is appropriate here because plaintiff was "not able to obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action" under Section 1 of the ACPA at the time the complaint was filed. 15 U.S.C. § 1125(d)(2)(A)(ii)(I). Zhang's *post hac* decision to consent to personal jurisdiction in Arizona does not vitiate *in rem* jurisdiction in the Eastern District of Virginia in this case. To conclude otherwise would allow any foreign defendant to choose their desired forum for litigation after being sued in an ACPA action. That interpretation stretches Section 1125(d)(2) far beyond what the drafters of the statute could have reasonably intended.

In this respect, the Fourth Circuit's decision in *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248 (4th Cir. 2002) is instructive. In *Porsche*, the foreign registrant of certain domain names decided to submit to personal jurisdiction in the District Court for the Southern District of California three days prior to the scheduled trial date for the *in rem* action against the domain names in the District Court for the Eastern District of Virginia. *See id.* at 253. The Fourth Circuit soundly rejected the argument that the decision by the foreign registrant to submit to personal jurisdiction in California divested the district court in Virginia of *in rem* jurisdiction under the ACPA. *Id.* at 258-59. In so holding, the Fourth Circuit concluded that the domain names "objected much too late to *in rem* jurisdiction on the grounds of personal jurisdiction over their registrant" when the registrant of the domain name decided to consent to jurisdiction in California three days before the scheduled *in rem* trial. *Id.* at 258. But the Fourth Circuit in *Porsche* did not decide *when*

8

personal jurisdiction over a registrant must exist in order to preclude *in rem* jurisdiction over the domain name under Option 1.

Here, resolution of that question is necessary. Consideration of the analogous context of federal diversity jurisdiction points persuasively to the conclusion that whether a trademark owner can obtain *in personam* jurisdiction "over a person who would have been a defendant in a civil action" under Section 1 of ACPA must be determined at the time of the complaint's filing, where, as here, a trademark owner has exercised due diligence and determined that any would-be defendant is a foreign person that is not subject to personal jurisdiction in the United States. 15 U.S.C. § 1125(d)(2)(A)(ii)(I). In the federal diversity jurisdiction context, it is well-settled that a court determines the existence of diversity jurisdiction "at the time the action is filed," regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy. *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Indeed, it has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events." *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824).[6]

These principles, applied here, point persuasively to the conclusion that *in personam* jurisdiction over a suitable defendant must exist at the time the ACPA complaint is filed in order to preclude the exercise of *in rem* jurisdiction pursuant to Section 1125(d)(2)(A)(ii)(I). To conclude otherwise would incentivize foreign registrant defendants to engage in gamesmanship and forum shopping by consenting to jurisdiction in a forum of their choice at a time of their

---

[6] *See also Chung v. NANA Dev. Corp.*, 783 F.2d 1124, 1127 (4th Cir. 1986) ("Jurisdiction may not be manufactured by the conduct of others."); *DeSantis v. Hafner Creations, Inc.*, 949 F. Supp. 419, 424 n.14 (E.D. Va. 1996) ("In legitimate forum shopping, personal jurisdiction either antedates the cause of action or arises in conjunction with the action, as a consequence of it. Here, by contrast, the personal jurisdiction post-dated the accrual of the cause of action…").

choosing *after* litigation has commenced against them. Such gamesmanship would only serve to incur additional litigation costs on trademark owners. The ACPA does not permit such an absurd result.

In this case, personal jurisdiction over defendant Zhang did not exist in any district in the United States when the complaint in this action was filed on April 22, 2020; it was not until Zhang decided to consent to jurisdiction in Arizona on May 29, 2020 that personal jurisdiction existed over Zhang in Arizona.[7] Accordingly, there is *in rem* jurisdiction here for plaintiff to proceed with its ACPA claim against the Domain Name in the Eastern District of Virginia because at the time plaintiff's complaint was filed, plaintiff was "not able to obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action" under Section 1 of the ACPA. 15 U.S.C. § 1125(d)(2)(A)(ii)(I).

Seeking to avoid this conclusion, plaintiff relies on *Lucent Techs., Inc. v. Lucentsucks.com*, 95 F.Supp.2d 528 (E.D. Va. 2000). But *Lucent* is clearly inapposite to the situation presented here. Importantly, *Lucent* analyzes a provision of the ACPA that is not at issue here. Specifically, the plaintiff in *Lucent* sought *in rem* jurisdiction pursuant to Option 2, not Option 1, namely that the plaintiff "through due diligence was not able to find a person who would have been a defendant in a civil action" under Section 1 of the ACPA. *See id.* at 531-32 (quoting 15 U.S.C. §

---

[7] Zhang appears to argue that he consented to jurisdiction in Arizona prior to May 29, 2020 through GoDaddy's Domain Name Registration Agreement and/or the Mutual Jurisdiction provision of plaintiff's UDRP complaint. These arguments plainly fail. GoDaddy's Domain Name Registration Agreement merely allows the registrant to challenge an adverse UDRP decision in Arizona under certain circumstances. *See* CGG Decl., at ¶¶ 5-6. Similarly, the Mutual Jurisdiction provision in plaintiff's UDRP complaint does not require the registrant to submit to personal jurisdiction in Arizona until the registrant decides to challenge an adverse UDRP decision and is only effective in the event of an adverse UDRP decision. *See id.* at ¶¶ 10, 13-14. Here, it is abundantly clear that there has been no adverse UDRP decision. Indeed, the administrative UDRP proceedings were terminated prior to the issuance of any UDRP decision. Accordingly, these provisions do not constitute consent by Zhang to jurisdiction in Arizona in connection with this ACPA case. Thus, Zhang first consented to jurisdiction in Arizona on May 29, 2020 in his sworn declaration attached to his motion to dismiss plaintiff's complaint in this federal lawsuit.

1125(d)(2)(A)(ii)(II)). In contrast, plaintiff here seeks *in rem* jurisdiction pursuant to Option 1, namely that plaintiff "is not able to obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action" under Section 1 of the ACPA. 15 U.S.C. § 1125(d)(2)(A)(ii)(I). Moreover, the registrant in *Lucent* was a California resident, and therefore, the plaintiff in *Lucent* could have obtained *in personam* jurisdiction over the registrant in the United States at the time that the complaint was filed. In contrast, Zhang is a Chinese resident who was not subject to *in personam* jurisdiction in the United States prior to Zhang's consent to jurisdiction in Arizona on May 29, 2020, over one month after the complaint was filed in this action. Accordingly, the *Lucent* decision, which dismissed an *in rem* ACPA claim, is inapposite to the situation presented here and is thus easily distinguishable.

Moreover, the legislative history of the ACPA makes clear that Option 1, Section 1125(d)(2)(A)(ii)(I), was intended to provide remedies for trademark owners where, as here, domain names infringing on a trademark are registered to foreign entities over whom *in personam* jurisdiction is unattainable. *See* H.R. Rep. 106–412, at 14 (1999). Specifically, the House Report on the ACPA makes clear that "*in rem* jurisdiction is…appropriate in instances where personal jurisdiction cannot be established over the domain name registrant. This situation occurs when a non-U.S. resident cybersquats on a domain name that infringes upon a U.S. trademark." *Id.* This is precisely what is alleged to have occurred here.

For the reasons set forth above, there is *in rem* jurisdiction for this matter to proceed against the Domain Name because at the time that plaintiff filed its complaint, plaintiff could not obtain "*in personam* jurisdiction over a person who would have been a defendant in a civil action" under Section 1 of the ACPA. 15 U.S.C. § 1125(d)(2)(A)(ii)(I).

**B.**

Even assuming, *arguendo*, that whether *in personam* jurisdiction exists over a suitable

defendant is not determined at the time the complaint is filed, Zhang's consent to jurisdiction in

Arizona on May 29, 2020 does not preclude *in rem* jurisdiction over the Domain Name here

because Zhang is not a suitable defendant under Section 1 of the ACPA.

As noted, plaintiff may proceed with an ACPA claim *in rem* if "the court finds that the

[trademark] owner... is not able to obtain *in personam* jurisdiction over a person who would have

been a defendant in a civil action" under Section 1 of the ACPA. 15 U.S.C. § 1125(d)(2)(A)(ii)(I).

Under Section 1 of the ACPA, a trademark owner may bring suit against a person who with "a bad

faith intent to profit from that mark[,]...registers, traffics in, or uses a domain name" that is

identical or confusingly similar to that mark. 15 U.S.C. § 1125(d)(1)(A).

Here, the record is devoid of definitive evidence as to who is the registrant of the Domain

Name.[8] But the record evidence points persuasively to the conclusion that Frank Zhang, in his

individual capacity, is *not* the registrant of the Domain Name. Specifically, Zhang's sworn

declaration indicates that Zhang's employer, Shenzhen Stone, is the registrant of the Domain

Name. In this respect, Zhang avers that he "was entrusted by Shenzhen Stone to register and

manage" the Domain Name, and Zhang expressly consents to the jurisdiction of Arizona only for

"the purpose of challenging the proposed transfer of the...Domain Name away from Shenzhen

Stone to any third party." *See* Zhang Decl., Dkt. 17-2, ¶¶ 2, 8, 29. During the hearing on

defendant's motion to dismiss, defendant's counsel represented that Zhang registered the Domain

Name at the behest of his employer, Shenzhen Stone. These sworn statements and defense

---

[8] The record is devoid of definitive evidence because neither party has submitted a bonafide copy of the registrant
information from the registrar, GoDaddy. Instead, as noted in Part I *supra*, the parties rely on (i) an email from
WIPO that claims to provide registrant information from the registrar and (ii) Zhang's sworn declaration.

counsel's representation, taken together, point persuasively to the conclusion that Shenzhen Stone is the registrant of the Domain Name for the purposes of the ACPA, and Zhang merely acted as Shenzhen Stone's authorized agent when he registered the Domain Name on behalf of Shenzhen Stone. But Shenzhen Stone has neither appeared nor filed a response on behalf of the *res*, the Domain Name. Moreover, Shenzhen Stone has not consented to personal jurisdiction in Arizona for purposes of this ACPA dispute, and as a Chinese company, there is no evidence that Shenzhen Stone would be subject to personal jurisdiction in any district in the United States. Accordingly, plaintiff has been unable to obtain *in personam* jurisdiction over a suitable defendant under Section 1 of the ACPA, and therefore plaintiff may proceed *in rem* against the Domain Name.

The only other record evidence as to the identity of the Domain Name's registrant is an email from WIPO to plaintiff that claims to provide the registrant information that WIPO received from the registrar, GoDaddy. Although Shenzhen Stone is not the registered entity according to this WIPO email, the WIPO email states that the "Registrant Organization" is "Bailun," presumably another Chinese entity. Accordingly, this WIPO email also supports the conclusion that the Domain Name was registered by Zhang on behalf of an organization, and therefore that Zhang, in his individual capacity, is not a suitable defendant under Section 1 of the ACPA. This is a quintessential example of what happens when cyber-squatters are allowed to obfuscate who the actual domain name registrant is.

In sum, even assuming, *arguendo*, that Zhang's consent to jurisdiction in Arizona on May 29, 2020 was timely for purposes of determining whether *in rem* jurisdiction over the Domain Name exists here, Zhang is not a suitable defendant under Section 1 of the ACPA. Thus, *in rem* jurisdiction exists over plaintiff's ACPA claim against the Domain Name in the Eastern District of Virginia pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(I).

13

## IV.

Finally, it is necessary to address (i) the claims brought against Zhang in his individual capacity and (ii) Zhang's motion to transfer. Zhang argues that he is not subject to personal jurisdiction in Virginia, and therefore that the claims against Zhang in his individual capacity must be dismissed. Plaintiff concedes that the Eastern District of Virginia lacks personal jurisdiction over defendant Zhang on the current record. Accordingly, the claims against Zhang in his individual capacity are dismissed for lack of personal jurisdiction.[9] With respect to Zhang's motion to transfer, Zhang's only argument for transfer is that Zhang consents to jurisdiction in Arizona. Plaintiff does not consent to transfer to Arizona, and therefore Zhang's consent does not provide a basis for transfer pursuant to 28 U.S.C. § 1404(a). Accordingly, Zhang's motion to transfer is denied.

\*       \*       \*

For the reasons set forth above, defendant Zhang's motion to dismiss is granted in part and denied in part. Zhang's motion to dismiss is granted insofar as all claims against defendant Zhang in plaintiff's complaint are dismissed for lack of personal jurisdiction. Zhang's motion to dismiss is denied insofar as Zhang seeks dismissal of plaintiff's *in rem* anti-cybersquatting claim against the Domain Name. Plaintiff has adequately plead an *in rem* anti-cybersquatting claim against the Domain Name, and there is *in rem* jurisdiction to proceed against the Domain Name in the Eastern District of Virginia pursuant to 15 U.S.C. § 1125(d)(2).

An appropriate order will issue separately.

---

[9] *See Graduate Mgmt. Admission Council v. Raju*, 241 F. Supp. 2d 589, 595 (E.D. Va. 2003) (holding that "mere registration of the domain name with a company located in Virginia does not support personal jurisdiction in this state").

The Clerk is directed to provide a copy of this Opinion to all counsel of record.

Alexandria, Virginia
July 22, 2020

/s/

T. S. Ellis, III
United States District Judge